UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Neda Jovanovic,

    Plaintiff,

v.

Bank of New York Mellon f/k/a The Bank of New York,

    Defendant.
_____/

Case No. 13-11851

Honorable Nancy G. Edmunds

## **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [5]**

**I.   Introduction**

This action comes to the Court on Defendant Bank of New York's motion to dismiss. (Dkt. 5.) Plaintiff Neda Jovanovic alleges fraudulent misrepresentation, silent fraud, negligence, violation of the Michigan Consumer Protection Act (MCPA), Mich.Comp.Laws § 445.901 et seq., and violation of the Home Ownership and Equity Protection Act of 1994 (HOEPA), 15 U.S.C. § 1639, against Defendant as her claims relate to Plaintiff's mortgage loan origination, approval, and the eventual foreclosure on her home. Plaintiff seeks an order setting aside the sheriff's sale of her home and staying any and all proceedings related to the home. Plaintiff additionally seeks to rescind the underlying mortgage or an order granting reformation/modification of the loan agreement and money damages.

The Court GRANTS Defendant's motion to dismiss because Plaintiff lost all legal interest in the property once the redemption period expired and she has not alleged fraud or irregularity in the foreclosure procedure to survive a motion to dismiss. Moreover,

Plaintiff's additional claims of negligence, and violations of MCPA and HOEPA are barred by the statute of limitations.

## II. Facts

In February, 2007, Plaintiff executed a note in favor of non-party IMPAC Funding Corporation for $360,000.00. (Def.'s Mot., Ex. A.) She then executed a mortgage to Mortgage Electronic Registration Systems, Inc. to secure the note on her property at 3263 Harvard, Royal Oak, Michigan 48073. (*Id.*, Ex. B.) MERS assigned the mortgage to the Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders, CWALT, Inc., Alternative Loan Trust 2007-OA9 Mortgage Pass-Through Certificates, Series 2007-OA9 ("BNYM, as Trustee"). (Def.'s Mot., Ex. C).

Plaintiff eventually defaulted under the note and mortgage as her interest rate adjusted and payments rose. As a result of Plaintiff's default, a collection firm sent her a letter on September 16, 2011, and advised her that she was in default, the amount outstanding on the loan, and the opportunity to contact a housing counselor to work out a loan modification. (Def.'s Mot., Ex. D). BNYM, as trustee, proceeded with a foreclosure. On September 18, 2012, Defendant purchased the property at a foreclosure sale. The statutory redemption period expired on March 18, 2013. On March 23, 2013, Plaintiff filed this action in state district court. Defendant then removed the claim to this Court.

Plaintiff alleges that she did not understand the terms of the loan agreement and the terms were never clearly explained to her. (Compl. ¶ 14.) She states that a bank employee assisted her in completing the Uniform Residential Loan Application. (*Id.* ¶ 7.) Plaintiff alleges that the bank employee never explained the terms of the application. (*Id.* ¶ 14.)

Plaintiff adds that the bank employee filled out the application, although she provided some of the answers. (*Id.* ¶ 8.) Plaintiff points out that section VIII of the application, entitled "Declarations" includes a part where Plaintiff could indicate whether part of the down payment was borrowed. (*Id.* ¶¶ 9-12.) Plaintiff states that she did borrow the majority of the down payment, "as the funds came from a home equity line of credit[.]" (*Id.* ¶ 13.)

Plaintiff states that the bank employee set her up on a negative amortization loan, requiring her to pay back a principal amount in excess of what she actually borrowed. (Compl. ¶ 16.) She says that the only concept she took away from the mortgage was that she would be paying less in her monthly payments than she previously paid. (*Id.* ¶ 17.)

Plaintiff maintains that, despite attempting to keep up with her monthly payments, the monthly amounts due increased because her principal balance increased and the bank stripped away the equity she had built in her home. (Compl. ¶ 19.) She states she was forced to file for bankruptcy. (*Id.* ¶ 20.)

### III. Standard of review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief. See *Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). See also *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d

545, 548 (6th Cir. 2007). "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

IV. **Analysis**

    A. **Plaintiff failed to redeem the property within the statutory redemption period, she therefore cannot raise any claims relating to the foreclosure**

Under Michigan law, "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring action against any other person . . . who claims [an inconsistent interest.]" *Brezzel v. Bank of America*,. 11-11467, 2011 WL 2682973, at *3 (E.D.Mich. July 11, 2011) (citing Mich. Comp. Laws §600.2932(1)). But borrowers challenging foreclosures "lo[se] all their rights, title, and interest to the property at the expiration of their right to redemption[.]" *Piotrowski v. State Land Office Bd.*, 4 N.W.2d 514, 517 (1942). Plaintiff does not deny that the redemption period expired before she filed the instant case. As a matter of law, then, Plaintiff's case fails because her rights and claims were extinguished and Plaintiff lacks a legal interest to bring claims with respect to the property. *See Snells v. Wells Fargo Bank*, 11-12018, 2012 WL 1048576, at*2. (E.D.Mich. Mar. 28, 2012) (holding that the plaintiffs could not assert a claim concerning the foreclosure proceeding, because they did not redeem the property within the statutory redemption period.).

### B.  Plaintiff has not demonstrated any fraud or irregularity in the foreclosure process to set aside the foreclosure

Once a foreclosure sale has taken place and the redemption period has expired, only a strong showing of fraud or irregularity can undo the sale. *Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich.Ct.App. May 28, 2009) (citation omitted) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.").

5

The examples Plaintiff offers do not support "a strong case of fraud or irregularity." In order to demonstrate fraud, a plaintiff must demonstrate that (1) the defendant made a material misrepresentation, (2) the representation was false, (3) the defendant knew when (s)he made the representation that it was false or made it recklessly, without any knowledge of its truth as a positive assertion ( 4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it and (6) the plaintiff suffered damaged. *Coyer v. HBSC Mortg. Servs, Inc.,* 701 F.3d 1104, 1108 (6th Cir. 2012) (citations omitted). "[I]n order to prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998).

Plaintiff alleges in Count I that Defendant made representations that she would lower her monthly payments by entering the loan agreement but failed to advise her that her payments could very well increase substantially. (Compl. at 4) Additionally, Plaintiff alleges Defendant, through its representative, made a declaration on Plaintiff's application for Plaintiff that none of the down payment was borrowed and that representation caused Plaintiff's application to be approved, where it otherwise may have not been approved. Defendant states that Plaintiff cannot now challenge the mortgage origination and anything

that occurred during the origination. Defendant is correct. In Michigan, "[i]n an eviction proceeding, a mortgagor is limited to challenging the validity of the foreclosure sale procedures, not the other 'underlying equities,' including those 'bearing on the instrument.'" *Jackson v. Laker Group LLC*, 261588, 2005 WL 2901787, at *2 (Mich.Ct.App. Nov. 3, 2005). (citations omitted). Plaintiff's allegations of misrepresentation relate to the origination of the loan and not to the foreclosure proceedings. Plaintiff does not contest this characterization, but asserts that the standard of fraud should not be limited to the foreclosure proceedings because "banks would be able to escape the claims of fraud by continuing the fraud through the Sheriff's sale." (Pl.'s Resp. at 7). Plaintiff cites no authority to support this assertion. Plaintiff fails to make out a case for setting aside the sheriff's sale.

### C. Plaintiff's negligence claim fails because she has not shown that Defendant had any legal duty to her outside of that duty the mortgage documents created and because the statute of limitations bars her claim

Plaintiff seeks monetary damages caused by Defendant's alleged negligence. Plaintiff asserts that Defendant owed Plaintiff a duty to allow her to complete her own loan application and a duty to answer the questions on the application honestly. Plaintiff does not seek an order to set the foreclosure sale aside as a result of the Defendant's alleged negligence, Plaintiff instead seeks monetary damages. Defendant contends that it did not

owe Plaintiff a legal duty as the relationship arose out of a contract. Defendant further contends that Plaintiff was not prevented from completing her own application or reading the application before she signed it. (Def.'s Mot. at 9, 10.) The elements of a negligence claim are duty, breach of that duty, causation, and damages. Duty is the legal obligation to conform to a specific standard of conduct in order to protect others from unreasonable risks of injury. *Ahmed v. Wells Fargo Bank, NA,* 861 F. Supp. 2d 818, 826 (E.D. Mich. 2012) (citation omitted). Plaintiff has not demonstrated that Defendant owed her a legal duty, or that Defendant breached the duty. "The Michigan Supreme Court has held that in tort actions based on a contract, courts should use a 'separate and distinct mode of analysis. [T]he threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Warner v. Fed. Home Loan Mortg. Corp.*, 12-15185, 2013 WL 1281932 (E.D. Mich. Mar. 26, 2013)(internal citations and quotations omitted). Plaintiff has not shown or demonstrated any duty independent of those duties the mortgage documents created. Her negligence claim fails on this basis alone.

Even if Plaintiff had a prima facie negligence claim, the statute of limitations would still bar her claim. Defendant's alleged negligence occurs when Defendant completed Plaintiff's loan agreement sometime before February, 2003. Plaintiff does not deny that the

negligence claim relates to the Defendant's action when the loan application was completed. Instead, Plaintiff mistakenly argues that the statute of limitations has not started to run because every time she sent in a payment, the alleged negligence continued. Plaintiff, again, has cited no authority to support this assertion. In *Coyer,* the Sixth Circuit found that the plaintiffs' negligence claim was barred by the applicable three-year statute of limitation (Mich. Comp. Laws § 600.5805) because their claims stemmed from the terms of the loan agreement. 701 F.3d at 1108-09. As in *Coyer*, Plaintiff's claim stems from the original loan agreement. In *Coyer*, the court did not toll the statute of limitations from the time of the last payment, rather the statute of limitations began when the parties entered into the loan agreement.

Here, Plaintiff entered into the agreement in 2003, and filed this action ten years later. Plaintiff's claim is barred by the relevant three-year statute of limitation.

### D. Plaintiff's MCPA claim fails because the MCPA does not apply to residential home mortgages and because the statute of limitations bars Plaintiff's claim

Plaintiff's MCPA claim, like the other claims, does not relate to the foreclosure sale, but rather the original loan application, filed in 2003. Plaintiff's MCPA claim fails because the MCPA does not apply to residential home mortgages. *See Pettiford v. J.P.Morgan Chase*

*Bank, N.A.*, 12-11349, 2013 WL 3724788, at *5 (E.D.Mich. July 15, 2013) (Duggan, J.) ("Both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage transactions.") (citations omitted).

Even if the MCPA did apply to residential home mortgages, the statute of limitations bars Plaintiff's MCPA claims. Michigan Compiled Law §445.911 states that "an action under [the MCPA] shall not be brought more than six years after the occurrence of the method, act, or practice which is the subject of the action." As stated above, Plaintiff commenced this action ten years after the origination and completion of the loan application.

E.     The statute of limitations bars Plaintiff's HOEPA claim

Plaintiff alleges that the note's provision violates HOEPA, 15 U.S.C. § 1639(f).[1] (Compl. ¶¶ 55, 56.)   Her claim fails.

---

[1] 15 U.S.C. § 1639(f) provides that "[a] mortgage referred to in section 1602(aa) of this title may not include terms under which the outstanding principal balance will increase at any time over the course of the loan because the regular periodic payments do not cover the full amount of interest due." Plaintiff additionally has not shown that her mortgage falls under 15 U.S.C. § 1602(aa).

10

HOEPA has a one-year statute of limitations. *Thielen v. GMAC Mortg. Corp.*, 671 F.Supp.2d 947, 953 (E.D.Mich. 2009) (citing 15 U.S.C. §§ 1639, 1640(e)). "[T]he statute of limitations begins to run 'when the plaintiff has a complete and present cause of action' and thus 'can file suit and obtain relief.'" *Id.* (citations omitted) (holding that the statute of limitations barred the plaintiff from raising a HOEPA claim when they obtained the loan on January 13, 2004 and did not file suit until August 13, 2009.).

Here, the statute of limitations began to run the day she signed her mortgage and note. She is therefore nine years too late to file suit.

**V.     Conclusion**

For the aforementioned reasons, the Court GRANTS Defendant's motion to dismiss and DISMISSES this case with prejudice.

**So ordered.**

                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated:  August 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2013, by electronic and/or ordinary mail.

                        s/Johnetta M. Curry-Williams
                        Case Manager
                        Acting in the Absence of Carol A. Hemeyer